UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Tywanda Faye Smart | ) CASE NO. 18-10374-WHD |
| | ) |
| | ) |
| DEBTOR. | ) |

### CHAPTER 13 TRUSTEE'S
### OBJECTION TO CONFIRMATION & MOTION TO DISMISS
### PURSUANT TO 11 U.S.C. SECTION 109(g)(1)

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Sections 1307(c), 109(g), 349(a), and 105(a), for cause, including the following reasons:

1. Debtor failed to attend the 11 U.S.C. Section 341 hearing.

2. Debtor has failed to file the Local Chapter 13 Form Plan in violation of General Order 21-2017. Trustee notes Debtor's Plan is essentially blank.

3. The Debtor has failed to file an Employment Deduction Order.

4. The Debtor has not filed a certificate indicating that Debtor obtained a briefing from an approved non-profit budget and credit counseling agency within 180 days preceding the date of filing, as required by 11 U.S.C. Section 109(h). The Debtor may not be eligible for relief under Title 11.

5. The Debtor has failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

6. The Chapter 13 Schedules reflect an exemption of $239,551.00 for Debtor's "Kia Sorento" and "190 Heritage," pursuant to O.C.G.A. Section 44-13-100(a)(6). The Chapter 13 Trustee objects to the exemption because the amount of the exemption exceeds the exemption limitations allowed in accordance with O.C.G.A. Section 44-13-100(a)(6).

7. The Trustee objects to the exemption of one hundred percent (100%) of fair market value for various assets, as the Georgia statute allows only specific dollar amounts. Trustee cannot evaluate whether the Debtor's exemption is within the statutory limitation.

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8. The Chapter 13 Plan fails to specify an amount to be paid to the unsecured creditors in possible violation of 11 U.S.C. Section 1325(a)(3).

9. Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

10. Schedule C reflects an exemption of $500 for Debtor's "Electronics," pursuant to O.C.G.A. Section 44-13-100 and an exemption of $993.11 for a checking account with "Branch Banking & Trust Company," pursuant to O.C.G.A. Section 18-4-20. The Trustee objects to the claimed exemptions as the Georgia Code sections cited is not applicable in bankruptcy.

11. Upon information and belief, Debtor has a second active case pending, at this time, 15-10680-WHD. As the Debtor can have just one active bankruptcy case pending at a time, the Trustee requests the instant case be dismissed.

12. Upon information and belief, Debtor has failed to list all of the Debtor's creditors, as listed in Case No. 15-10680-WHD. Debtor's Schedules D through F should be amended, to include these creditors.

13. Debtor has filed three (3) previous unsuccessful Chapter 13 cases, being case number 13-11763-WHD filed July 9, 2013 and dismissed September 12, 2013; case number 13-12461-WHD filed September 30, 2013 and dismissed after confirmation March 17, 2015 and case number 15-10686-WHD filed November 16, 2015 (still active). Based on the foregoing, the Chapter 13 Trustee respectfully moves the Court to dismiss the instant case with prejudice, thereby rendering the Debtor ineligible for relief under Title 11 for one hundred eighty (180) days, pursuant to 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), 105(a), 109(g) and 349(a).

WHEREFORE, the Trustee moves the Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny Confirmation of the Debtor's Chapter 13 plan and dismiss the case pursuant to 11 U.S.C. Sections 105(a) and 109(g), thereby rendering the Debtor ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days.

/s/ Jonathan S. Adams
Jonathan S. Adams
Attorney for Chapter 13 Trustee
GA Bar No. 979073

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| TYWANDA FAYE SMART | ) | |
| | ) | CASE NO.: 18-10374-WHD |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

18-10374-WHD    **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    TYWANDA FAYE SMART
    190 HERITAGE FARM LANE
    FAYETTEVILLE, GA 30215

    DEBTOR(S) ATTORNEY:
    PRO SE

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Tuesday, April 24, 2018

/s/
Jonathan S. Adams
GA Bar No. 979073
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450